UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**MAY 1 4 2013**

**Clerk, U.S. District and
Bankruptcy Courts**

| | | |
|---|---|---|
| Xavier Flores, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-704 |
| | ) | |
| Georgetown University, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff, a homeless individual who submitted more than 30 mostly cryptic complaints within the first two weeks of March alone, sues Georgetown University purportedly under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* He alleges only that he "was illegal[ly] removed from the premises . . . .," Compl. at 1, and demands $100 million. *Id.* at 2.

A plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a

1

complaint needs some information about the circumstances giving rise to the claims.") (quoting

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff does not allege

that his removal was because of a disability and, therefore, has failed to state a claim under the

ADA. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: May _____, 2013

2